IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL ARMENDARIZ (AIS# 313909), | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO.: ) 2:19-CV-1046-WHA |
| v. | ) ) |
| COMMISSIONER DUNN, et al., | ) ) |
| Defendants. | ) |

## ANSWER

COMES NOW Defendant, Wexford Health Sources, Inc., and in response to the plaintiff's Complaint sets forth and assigns the following Answer and defenses, separately and severally:

## FACTUAL ALLEGATIONS

1.   The defendant admits that the plaintiff was seen and treated at the Elmore/Staton Correctional Facility located in Elmore, Alabama.

2.   The defendant denies that the plaintiff was ever denied or delayed necessary medical care while at the Elmore/Staton Correctional Facility.

3.   The defendant denies plaintiff's allegations that the plaintiff did not receive necessary medical care.

4.   The defendant denies that the plaintiff was denied necessary medical care and/or treatment or that any medical treatment was ever delayed in any manner.

{B3324929}

5.     The defendant denies that plaintiff was treated with deliberate indifference.

6.     The defendant is aware that the plaintiff has made complaints and allegations regarding the medical care and treatment that he received while incarcerated at the Elmore/Staton Correctional Facility and denies those allegations.

## AFFIRMATIVE AND OTHER DEFENSES

1.

The Plaintiff's Complaint fails to state a claim against this Defendant for which relief can be granted.

2.

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

3.

Plaintiff's claims are barred by the doctrine of assumption of the risk.

4.

Plaintiff's claims are barred by the doctrine of latches.

5.

Plaintiff's claims are barred by the statute of limitations.

6.

Plaintiff's claims are barred by the doctrine of waiver.

7.

The Court lacks subject matter jurisdiction over this dispute.

8.

This Court is the improper venue in which to assert this action.

9.

Plaintiff lacks standing to bring this action.

10.

Plaintiff's claims are barred by the doctrine of unclean hands.

11.

Plaintiff's claims are barred by the doctrine of qualified immunity.

12.

Plaintiff's claims are barred by the doctrine of sovereign immunity.

13.

Plaintiff's claims are barred by the doctrine of estoppel.

14.

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

15.

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

16.

This Defendant avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom or this Defendant is not responsible.

17.

Plaintiff's claims are barred because this Defendant did not breach any duty allegedly owed to Plaintiff.

18.

Plaintiff's claims are barred because there is no causal relationship, legal or proximate, between any actions or failures to act by this Defendant and the Plaintiff's alleged injuries and damages.

19.

Plaintiff's claims are barred because of the existence of superseding, intervening causes.

20.

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against this Defendant.

21.

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(a)(2005).

22.

Plaintiff's claims are barred because the injunctive relief sought is not sufficiently narrowly drawn. 18 U.S.C. § 3626(a)(1)(A)(2005).

23.

Plaintiff's claims are barred because the Plaintiff is seeking to question a medical judgment via 42 U.S.C. § 1983.

24.

Plaintiff's claims are barred because this Defendant did not act with deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97 (1976).

25.

To the extent Plaintiff seeks to recover any attorney fees, this Defendant objects to any and all such requests for fees that are not asserted in the Complaints or otherwise approved by Court Order.

26.

Plaintiff's claims for punitive damages violate this Defendant's United States and Alabama Constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

27.

This Defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act, § 6-5-481 *et seq.*, and § 6-5-542 *et seq.*

28.

The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmate must follow in filing *informa pauperis* actions in federal court.

29.

Pursuant to 28 U.S.C. § 1915A, this Court is required to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from Defendant that is entitled to immunity as provided for in 42 U.S.C. § 1997(e)(c).

30.

This Defendant asserts that the Plaintiff's Complaints are frivolous and filed in bad faith solely for the purpose of harassment and intimidation, and requests this Court, pursuant to 42 U.S.C. § 1988, to award this Defendant reasonable attorney fees and costs incurred in the defense of this case.

31.

The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. *See Marie v. Nickels*, 70 F.Supp 2d 1252 (D.Kan. 1999).

32.

The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amended to 42 U.S.C. § 1997(e)(a). The Plaintiff has failed to pursue the administrative remedies available to him. *See Cruz v. Jordan*, 80 F. Supp.2d 109 (S.D.N.Y. 1999) (claims concerning defendant's deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

33.

As affirmative defenses to this claim, this Defendant asserts the provisions, separately and severally, of The Alabama Medical Liability Act, The Alabama Medical Liability Act of 1987, The Alabama Medical Liability Act of 1996, and all amendments to those Acts, and specifically plead in defense to this action the applicability of sections 6-5-481, 6-5-482, 6-5-484, 6-5-486, 6-5-487, 6-5-488, 6-5-542, 6-5-543, 6-5-544, 6-5-545, 6-5-546, 6-5-547, 6-5-548, 6-5-549, 6-5-549.1, 6-5-550, 6-5-551 and 6-5-552.

34.

This Defendant incorporates by reference any affirmative defense, pled now or later, by any other Defendant which would be applicable to the claims against this Defendant.

35.

This Defendant reserves the right to raise different, additional defenses as discovery proceeds.

Respectfully Submitted,

s/*Philip G. Piggott*
Philip G. Piggott (ASB-4379-P67P)
WEBSTER HENRY, P.C.
Two Perimeter Park South
Suite 445 East
Birmingham, AL 35243
Telephone:  (205) 380-3480
Fax:  (205) 380-3485
E-mail:  ppiggott@websterhenry.com
*Attorney for Defendant, Wexford Health Sources, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to counsel of record, and I have placed a copy of the foregoing in the U.S. Mail, first class postage prepaid to the following:

Daniel Armendariz (AIS# 313909)
Elmore Correctional Center
3520 Marion Spillway Road
Elmore, AL 36028

s/*Philip G. Piggott*
OF COUNSEL