IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DANIEL ARMENDARIZ, )
#313909, )
    plaintiff, )  CIVIL ACTION NO.:
) 2:19-CV-1046-MHT
V. )
)
COMMISSIONER DUNN, et al.,)
)
    Defendants. )

## AMENDED COMPLAINT

### I. JURISDICTION & VENUE

1.    This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the united states. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff [Daniel Armendariz #313909] claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Fed. R. Civ. P.

2. The Middle District of Alabama is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff [Daniel Armendariz #313909], is and was at all times mentioned herein a prisoner of the state of Alabama in the custody of the Alabama Department of Corrections. He is currently confined in Elmore Correctional facility in Elmore Alabama.

## III. DEFENDANTS

4. Defendant, [Jefferson Dunn] is the Commissioner of the Alabama Department of Corrections. He is legally reponsible for the overall operation of the Department and each institution under its jurisdiction, including Elmore Correctional facility.

5. Defendant, [Joseph Headley] was the Warden at Elmore Correctional Facility at the time of the incident and he is currently the Warden at Staton Correctional facility. He was legally responsible for the overall operation for the operation of Elmore Correctional facility and for the welfare of all the inmates in that prison.

6. Defendant, [Malik Wright] is a Correctional officer of the Alabama Department of Corrections who, at all times mentioned in this Complaint, held the rank of [CO] and wass assigned to Bravo Dorm one at Elmore Correctional facility at the time of the incident.

7. Defendant, [Kahdra Davis] is a Correctional Lieutenant at Elmore Correctional Facility and was responsible for the welfare for all inmates at the time of the incident.

8. Defendant, [ Ronald Cooper ] is the director over Alabama Department of Corrections Internal Investigation Division. He is legally responsible for all the investigators within the department. He ensures that any inmates that violate state and federal laws are prosecuted.

9. Defendant, [ Wexford Health Sources Inc.] is a Florida Corporation doing business in the state of Alabama as a Medical Contractor for Alabama Department of Corrections. Wexford is legally responsible for implementing policy, procedures and protocols that medical staff go by. They are responsible for hiring and ensuring that medical staff are trained and qualified to do their job.

10. Each defendant is sued individually and in his [ or her ] official capacity. At all times mentioned in this Complaint each defendant acted under the color of state Law.

## IV. FACTS

11. On August 3, 2018 Plaintiff, [Daniel Armendariz #313909] was walking down the Isle in bravo dorm one. Plaintiff spots a pack of newport on the floor. The time is inbetween [1500] and [1535] hours. I pick them up and a prisoner behind me says they are his. I hand them to him and go on about my business Twenty to Thirty minutes later I'm approached by prisoner [Ernest Washington].

12. He then asked me what I did with the newports I picked up off the floor. I Told him I gave them to a guy that said they were his. He told me to point the person out that I gave them too.

13. I walked around the dorm for at least thirty minutes trying to put a face to the person I gave them too. When I was unable to identify the person I went and stood by my rack.

14. [Ernest Washington] approaches me and ask what I'm doing I tell him I'm unable to identify the person I gave them too.

15. He then swings on me and pulls a shank out (Homemade knife) and starts attacking me. People are blocking the Isles keeping me from running I was Then forced to fight for my life for at least twenty minutes. When I finally got loose everybody that was helping him told me to go to the bathroom and clean the blood off me.

16. When I tried to leave the bathroom they would stop me. I finally acted like I was going to take a shower. Only then was I able to make it to the observation Cube for help.

17. I knocked on the cube door and Defendant, [Malik Wright] says why are you knocking on my fxxking door. I told him I had been stabbed he then takes me outside. He asked me if I knew who stabbed me and I told him I could point him out, so we go back in and I point him (Ernest Washington) out.

18. At this point at least forty five minutes have lapsed and I'm having trouble breathing. We then go to the shift office were Defendant, [Kahdra Davis] starts taking pictures. The time recorded by [Kahdra Davis] is [4:11 pm] Time recorded by [Wexford Health Sources Inc.] is [1635] hours. At this point I can hardly stand and [Kahdra Davis] is constantly yelling at me to not get blood on the walls and floor.

19. I'm then locked in a holding cell were I tried to lay down and [Kahdra Davis] yells at me to stand up and stay off the racks. [Kahdra Davis] ask me to fill out an incident report of what happen, so I did.

20. Then officer [carstaphen] comes in and wants me to sign a living agreement. I ask what that is and he explains to me what it is and I refuse to sign it. He leaves and then comes back three minutes later asking me to sign a living agreement again I refuse a second time. By now it has been over an hour since I was stabbed.

21. We (Me and Carstaphen) leave for staton Correctional facility Two miles down the road. I can barely walk to the Van for transport and have to stop and rest occasionally.

22. We arrive at staton M/U time logged in a [1735] hours by P. Robinson LPN, While at staton I start vomitting while waiting on them to do their reports and clean me up. I was their from [1735] to [1830] hours or more.

23. I was then transported to Jackson Hospital at [1844] and was treated for two collapsed lungs and sixteen stabb wounds to the back. And one above my left ear.

24. After I was released from the Hospital I'm transported to Kilby Correctional Facility where I stay in the infirmery for two days.

25. I'm then transported back to Elmore Correctional Facility

26. A few weeks later I was Questioned by I & I I made it clear I wanted to press charges for Assault.

27. See also plaintiffs Exhibit "A" and "B".

## IV. EXHAUSTION OF LEGAL REMEDIES

28. Plaintiff, [Daniel Armendariz #313909] used the prisoner Medical grievance procedure available at [Elmore Correctional Facility to try and solve the problem with [Wexford Health Sources Inc.]. On [July 26, 2019] Plaintiff requested Medical records pertaining to the incident in this Complaint. Plaintiff recieved a response stating that I need to have my attorney get those records see plaintiff (Exhibit "B"). The PLRA requires proper exhaustion wich consist of all relative facts pertaining to the incident. By being denied those medical records Defendant, [Wexford Health Sources Inc.] made it impossible to properly exhaust the medical grievance procedure. Therefore making Administrative remedies no longer available to plaintiff.

29. Alabama Department of Corrections has no written or verbal grievance procedure in place. However Plaintiff, [Daniel Armendariz #313909] wrote defendant, [Jefferson Dunn] to try and solve the problem. See plaintiff (Exhibit "B").

## VI. LEGAL CLAIMS

30. Plaintiff reallege and incorporate by reference paragraphs 1-29.

31. Defendants, [Jefferson Dunn] Showed deliberate indifference to plaintiff [Daniel Armendariz #313909] safety by not addressing overcrowding and understaffing prior to plaintiff assault. Violated plaintiff rights and constituted cruel and unusual punishment, a procedural due process violation, under the Eighth and fourteenth Amendment to the United States Constitution. Violated the Model Sentencing and Corrections act § 4-105 (3) and §(B)(1) and Department of Justice federal standards for prisons and jails section 5.22

32. Defendant, [Joseph Headley] showed deliberate indifference to plaintiff, [Daniel Armendariz #313909] safety by not addressing understaffing and implementing remedies to address the violence at Elmore Correctional facility. Violated plaintiff rights and constituted cruel and unusual punishment, a procedural due process violation. Under the Eighth and Fourteenth Amendments to the United States Constitution.

33. Defendant, [Malik Wright] showed deliberate indifference to plaintiff, [Daniel Armendariz #313909] safety by not making Routine walks and observations from the observation cube knowing that Elmore Correctional facility is Exstremely violent especially Bravo dorm one. Defendant, [Malik Wright] violated plaintiff rights and constituted cruel and unusual punishment, a procedural due process violatin. Under the Eighth and Fourteenth Amendment to the United States constitution.

34. Defendant, [Kahdra Davis] showed deliberate indifference to plaintiff, [Daniel Armendariz #313909] serious medical need by delaying emergency medical care up to one hour. Violated plaintiff rights and constituted cruel and unusual punishment under the Eighth Amendment and Fourteenth Amendment to the United States Constitution.

35. Defendant, [Kahdra Davis] violated Plaintiff fourteenth Amendment Constitutional rights by drafting officer, [Malik Wright] Narrative of the incident, drafting both reports that coicide with [Ernest Washingtons] written statement and marking the injury as a non-serious injury.

36. Defendant, [Kahdra Davis] Violated federal statutory Law under the model sentencing and Corrections act § 4-105(7)(e) and § 4-105 B(4)

37. Defendant, [Ronald Cooper] Violated Plaintiff procedural due process rights, by not prosecuting [Ernest Washington] for felony assault as I had requested. Violated plaintiff rights and Constituted a due process violation under the Fourteenth Amendment to the United States Constitution. The Defendant also Violated federal statutory Law under the model sentencing and Corrections act § 4-104 B(4).

38. Defendant, [Wexford Health Sources Inc.] showed deliberate indifference to plaintiff, [Daniel Armendariz #313909] Serious medical need by delaying emergency medical Care up to one hour. Violated plaintiff rights and Constituted Cruel and unusual punishment, under the eighth Amendment to the United states Constitution. Wexford Violated federal statutory Law under the Model Sentencing and Corrections act § 4-105 (3).

39. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the injunctive relief which plaintiff seeks.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

39. A declaration that the acts and omissions described herein violated plaintiff rights under the Constitution and laws of the United States.

40. A permanent injunction ordering defendants, [Jefferson Dunn] and [Wexford Health Sources Inc.] to place trained Medical staff or train officers to recognize serious medical needs.

41. Compensatory damages in the amount of $150,000.00 jointly and severally.

42. Punitive damages in the amount of $200,000.00 jointly and severally.

43. A jury trial on all issues triable by jury.

44. Plaintiff Costs in this suit.

45. Any additional relief this court deems just, proper and equitable.

Respectfully Submitted,

06-14-20
DATE

Daniel Armendariz
Print NAME

Daniel Armendariz
Signature

AIS # 313909
Elmore Correctional Center
3520 Marion Spillway Rd,
Elmore, AL 36025

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at [Elmore, Alabama] on [06-14-20].

Daniel Armendariz

Daniel Armendariz
signature