**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF ALABAMA**

**NORTHERN DIVISION**

RECEIVED

2022 JAN 24  P 1: 04

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **DANIEL ARMENDARIZ, #313909,** ) | |
|     **Plaintiff,** ) | |
|     **V.** ) | **CIVIL ACTION NO.:** |
| **COMMISSIONER DUNN, et al.,** ) |   **2:19-cv-1046-MHT-CSC** |
|     **Defendants.** ) | |
| ) | |
| ) | |

**PLAINTIFF SUPPLEMENTAL OPPOSITION TO DEFENDANTS**

**SUPPLEMENTAL SPECIAL REPORT DOC. 163**


**STATEMENT OF THE CASE**


This is a 42 U.S.C. §1983 action filed by Daniel Armendariz, #313909 seeking

damages and injunctive relief based on deliberate indifference to his safety and

serious medical need. In violation of the Eighth Amendment right to be free from

cruel and unusual punishment.

## STATEMENT OF FACTS

On August 3, 2018, I was assaulted by inmate Ernest Washington in Bravo dorm one. I tried to seek help from the assault, but was blocked from running by other inmates, I was then forced to fight for my life and in the process, I was stabbed sixteen times in the back and once above the left ear. When I did manage to break away, I was forced into the bathroom by other inmates to clean the blood off me. It was only when I pretended like I was going to take a shower that I managed to walk to the observation cube for help. When I knocked on the door Officer Malik Wright was kicked back with his feet on the counter facing toward the front entrance. When Officer Malik Wright did come to the door, he asked why I was knocking on his fucking door, I informed him I had been stabbed. He then escorts me outside and ask if I knew who attacked me, I said no, I said I know what he looks like. Officer Malik Wright wanted me to go back in to identify him, so we go back in and I identify my attacker.

**ARGUMENT**

The defendant, Malik Wrights argument seems to rely on the case *Smith V. Salter*, 794 Fed. App'x 817, 820 (11th Cir. 2019) (per curium) (affirming summary judgment for officer salter who was sued for not being inside the cellblock when the attacked happened). I was not in a cell block; I was in an open dormitory and the defendant Malik Wright was present in the observation cube. *See Doc. 49* (drawing of bravo dorm). Although the courts cannot prohibit individuals from citing a federal appendix, they are non-precedential decisions.[1] I incorporate my previous arguments in Docs. 87, 113, 134 and 142.

---

[1] Formerly, federal appellate decisions that were not designated for publication by the court generally could not be cited under the local rules of the federal circuits. An amendment to the federal rules of appellate procedure provides that courts may not prohibit or restrict the citation of such opinions. Rule 32.1, Fed.R.App.P. However, a decision that the court designated as non-precedential remains non-precedential, so citing it is of limited value to the defendants argument, but its reasoning may be persuasive.

## I.  Pervasive, Substantial Risk Of Serious Harm

My claim rest on the legal theory of a pervasive substantial risk of serious harm or a constant threat of violence to all prisoners identified by the supreme court as group risk due to systematic deficiencies. In overcrowding, understaffing, overreliance on open dormitories, failure to control contraband and failure to take corrective action in response to high rates of assault or to particular patterns of assault. I have proven that a pervasive risk existed within Elmore Correctional Facility due to the constant threat from inmates under the influence of the drug flakka.[2]

The constant threat from inmates under the influence of methamphetamines, for me to move past summary judgment based on group risk I must show a substantial, pervasive risk of harm or constant threat of violence. *See Ruiz V. Estelle*, 679 F.2d 1115, 1142 (5th Cir. 1982). And that Malik knew of this risk The

---

[2] **Flakka (alpha-PVP)**
**What is it?**
Flakka (alpha-PVP), is a dangerous drug that is similar to the street drug commonly known as bath salts. Flakka is typically white or pink in color and is found in crystal form.
**How is it used?**
The drug may be eaten, snorted, injected, or vaporized in e-cigarettes.
**How does it affect the body?**
Paranoia and hallucinations that may lead to violent aggression and self-injury. Overdose and death have been linked to the use of this drug.

defendant, Malik Wright (Malik) has admitted and identified some of the

systematic deficiencies in Docs 165 and 166. *See exhibit C and the Graph below*

**Serious, Non-Serious, Homicides and Fights**
**Source: ADOC Statistical reports July 2017-July 2018**
**Prepared by: Plaintiff**



**Note:** Inmate on Inmate Homicides not reported on ADOC statistical report or reported as natural have been added to this graph.[3]

**Source:** Department of Justice §1997 (b) Notice

---

[3] ADOC Statistical reports are not 100% accurate the non-serious injuries may in fact be serious injuries as shown by ADOC exhibit 4 incident report marking my injury as non-serious. This graph is prepared to help the courts to understand the systematic deficiencies in ADOC reporting procedures and due to the statistical reports not being 100% accurate they may not be admissible as evidence see plaintiff exhibit **C** for true and accurate accounts of the violence inmates constantly faced.

## II.      Deliberate Indifference To Plaintiff Safety

See my previous arguments in Docs. . 87, 113, 134 and 142. The defendant Malik would have had to draw the inference that a pervasive substantial risk of serious harm existed to all inmates including me. The defendant admits knowing that bravo dorm is more violent due to the younger inmates as well as the prison in general due to contraband, understaffing, and inadequate supervision *See* Docs. 165 and 166. Malik would then have to make reasonable efforts to protect me from the assault. I had to fight and seek out help for an officer that was less than 100 feet away in the observation cube.

## III.     Malik Wrights Declaration and Factual Presentation is
## insufficient to withstand summary judgment

The defendant, Malik Wrights factual presentation is inadequate to withstand summary judgment in his favor. He claims he doesn't remember nothing about the assault on me in Docs 126 and 163-1. He then makes the statement that he did not fail to protect any inmate including me. If he cannot remember the assault

on me then he cannot possibly say he protected anyone. The defendant has made

a Conclusory statement. Merriam-Webster defines a conclusory statement as

consisting of or relating to a conclusion or assertion for which no supporting

evidence is offered. "General conclusory allegations...do not become sufficient

simply because they are put in an affidavit form and stated by someone other

than the plaintiff." *Castillo V. Bowles*, 687 F. Supp. 277 (N.D. Tex. 1988).


### CONCLUSION


 A genuine issue to a material fact exist whether the defendant, Malik drew the

inference that a pervasive, substantial risk of serious harm existed and he made

reasonable efforts to protect inmates including me from that harm. Malik Wright

made no reasonable efforts to protect me from a constant threat of violence and

pervasive, substantial risk of serious harm in violation of the Eighth Amendment

right to be free from cruel and unusual punishment. Therefore, summary

judgment in Maliks favor should be denied.

Respectfully submitted,


*01-12-2022*
DATED

DANIEL ARMENDARIZ, PRO SE
1616 5TH Ave. North
Bessemer, Al 35020
Phone: (205)916-8902
E-mail: Armendarizd755@gmail

## CERTIFICATE OF SERVICE

     I hereby certify that I have this ___*12*___ day of
___*January*___, 202*2*. Caused a true and correct copy of the
foregoing to be served upon the defendants by placing the same
in the U.S. mail, postage prepaid and addressed as followed:


Attorney General
501 Washington Ave.
Montgomery, Al 36130

Webster Henry, P.C.
Two perimiter park S.,
Suite 445 E.
Birmingham, Al 35243


Herndon Law P.C.
1430 I-85 Parkway, Suite 234
Montgomery, Al 36106


*Daniel Armendariz*
DANIEL ARMENDARIZ, pro se

Daniel Armendariz
ARC Inc,
1616 5th Ave, North
Bessemer, AL 35020





U.S. POSTAGE PAID
FCM LG ENV
BESSEMER, AL
35020
JAN 13, 22
AMOUNT
$1.76
R2304H107821-95

1028        36104

United states District Court
Att: Debra Hackett
one Church st. Suite, B=110
Montgomery, AL 36104